IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT JOSEPH KING | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-19-967 |
| ROBERT R. NEALL, | * | |
| MARIAN FOGAN, | | |
| DEVITA PORTER, | * | |
| ROXANNE DOXON, | | |
| BRIAN E. FROSH, | * | |
| Defendants | * | |

***

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to dismiss (ECF Nos. 9 & 10) filed by Defendants Robert R. Neall, Marian Fogan, Devita Porter, Roxanne Doxon, and Brian E. Frosh and a motion for extension of time to file service of process filed by self-represented Plaintiff Robert King (ECF No. 7).[1] Mr. King has filed a response in opposition to defendants' motion to dismiss. (ECF No. 12). No hearing is necessary to determine the matters pending. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendants' motion will be granted.

**I.  Background**

Mr. King is a patient committed to the Maryland Department of Health and hospitalized at Clifton T. Perkins Hospital after he was found not criminally responsible in May of 1999 by the Circuit Court for Prince George's County, Maryland. (ECF No. 1-2 at 3, ¶13). He claims that on "multiple occasions" he has "attempted to initiate lawsuits for alleged violations of his State and Federal constitutional rights." (*Id*. at ¶14). Mr. King cites only one example of such an attempt:

---

[1] In light of the fact that service has already been effectuated, Plaintiff's motion will be denied as moot.

an Americans with Disabilities Act ("ADA") claim filed in this court[2] which was "eventually dismissed." (*Id*. at 4, ¶16). According to Mr. King, he would have prevailed in his ADA lawsuit had he had access to "the research materials necessary to submit an argument that would have overcame the evidence provided" by the opposing party. (*Id*.). Mr. King asserts that Defendants have violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Articles 2, 16, and 25 of the Maryland Declaration of Rights by engaging in "unlawful and unconstitutional practices" which include "denial of a reasonable, meaningful and unfettered access to the Courts by not providing an adequate and sufficient law library." (*Id*. at ¶15).

As relief, Mr. King seeks an injunction that requires Defendants to: provide an adequate and sufficient law library, institute policies preventing retaliation against persons engaging in protected activities, and conspicuously post a notice to all Clifton T. Perkins employees that they should not "hinder, hamper, prevent or otherwise delay" a patient's right of access to the courts. (*Id*. at 5). Mr. King also seeks unspecified compensatory and punitive damages. (*Id*. at 6).

Defendants assert that Mr. King has failed to state a claim because the complaint contains only "bald allegations" without identifying specific conduct attributable to any defendant. (ECF No. 10 at 5-10) (Memorandum in Support). In addition, Defendants raise a defense of sovereign immunity to any claims against them in their official capacities (*id*. at 11); they are otherwise entitled to qualified immunity for Mr. King's claim for monetary damages (*id*. at 12-14); and Mr. King is not entitled to injunctive relief (*id*. at 14-15).

## II. Motion to Dismiss

### A. Standard of Review

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the

---

[2] *See King v. Neall*, Civil Action No. DKC-16-3804 (D. Md. 2017) at ECF Nos. 51 and 52.

facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429

U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a pro se complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

### B. Access to Courts

As an involuntarily committed patient, Mr. King retains his right to meaningful access to the courts so that he has recourse to address violations of his fundamental rights. *See Lanahan v. Taller et al.*, CCB-16-1251, 2018 WL 1474341 at *8 (D. Md. Mar. 3, 2018). An access to courts claim requires a showing of actual injury. *See O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997). The actual injury requirement "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey,* 518 U.S. 343, 349 (1996). Actual injury occurs when a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 399.

Mr. King does not specify the basis of his claim but mentions his ADA claim which he filed in this court and ultimately lost. ECF No. 12-2 at 2 (referencing Civil Action DKC-16-3804). He asserts that "had he had an adequate and sufficient law library he would have prevailed on his lawsuit because he would have the research materials necessary to submit an argument that would have overcame the evidence provided by the Respondents." *Id*. at 7. In granting the motion to dismiss in Mr. King's ADA case, this court stated the following:

4

> Plaintiff claims that Defendants violated the ADA by not "providing immediate and readily accessible restroom facilities" throughout Perkins. (ECF No. 29, at 4-5). Defendants respond that the ADA does not prescribe the number of restrooms that a hospital or other facility must have" rather "it only requires that restrooms be architecturally accessible." (ECF No. 33-1, at 5).
>
> Plaintiff has failed to cite any part of the ADA or related regulations that Defendants have violated. Plaintiff has not alleged that his inability to access the restrooms has resulted in his "be[ing] excluded from participation in or be[ing] denied the benefits" of Perkins. 42 U.S.C. § 12132(a). Plaintiff also has failed to identify how the lack of restrooms has resulted in an injury. Accordingly, Plaintiff has failed to state a claim entitling him to relief, and his claim, as it relates to the lack of restroom facilities, will be dismissed.
>
> ****
>
> Plaintiff's amended complaint contains fewer facts about his employment situation than his previous complaint. The amended complaint simply alleges that a job in horticulture was offered to him but that the offer was revoked because "the treatment team did not believe the Horticulture program was an appropriate placement for Plaintiff." (ECF No. 29, at 2). He requests an order that Perkins provide additional access to the current restrooms and that Perkins construct additional restrooms. (*Id*. at 6).
>
> The facts alleged in the amended complaint do not support the relief requested. Plaintiff's complaint contains no facts that connect any employment issue to his proposed remedy of additional access to bathrooms. Plaintiff has failed to present a claim upon which relief can be granted, and, therefore, his complaint will be dismissed.
>
> ****
>
> Given that this is Plaintiff's second complaint and that Plaintiff did not cure the deficiencies in his first complaint after they were identified, dismissal will be with prejudice.

*King v. Neall*, Civil Action No. DKC-16-3804 (D. Md. Aug. 10, 2018) at ECF No. 51, 6-8. Mr. King's ADA claim was dismissed due to his failure to allege *facts* sufficient to sustain his claim. The dismissal of his complaint was therefore unrelated to his ability to access unspecified legal materials.

Even assuming Mr. King's prior claim was "arguable," he fails to delineate any conduct by the named Defendants that prohibited his meaningful access to the courts. Other than naming

each Defendant and providing their titles, Mr. King's complaint leaves to the imagination what each Defendant has done or failed to do with respect to his access to the law library or legal materials. His response in opposition to the motion provides no further information regarding each Defendants' alleged wrong-doing. The motion to dismiss will therefore be granted as to this claim.

    **C.    Remaining Claims**

Mr. King claims that his rights under the Fifth, Eighth and Fourteenth Amendments have been violated; and that his rights under Articles 16 and 25 of the Maryland Declaration of Rights have also been violated, are unaccompanied by any statement of facts to support such a conclusion. In his opposition, Mr. King simply states that he "has demonstrated a concrete basis for his claim beyond conjecture" and indicates that he provided Defendants with notice of the conduct upon which his complaint is based through internal grievances and a notice to the Maryland Treasurer's Office pursuant to the State Tort Claims Act. ECF No. 12-2 at 9-10. Mr. King also indicates that he is challenging a condition at Perkins Hospital, but he does not provide any factual support for such a claim. As noted, this court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (2007). Defendants are also entitled to dismissal of this claim.

**III.    Conclusion**

For the foregoing reasons, the motion to dismiss (ECF No. 9) will be granted and the motion for extension of time to file service of process (ECF No. 7) will be denied. A separate order will follow.

February 3, 2020                                                          _____/s/_____
                                                                                    DEBORAH K. CHASANOW
                                                                                    United States District Judge